UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DAWN ELLEN SHRUM, | ) | Chapter 11 |
| 400 WHISTLER COVER | ) | Case No.: 14-07965-MFH |
| FRANKLIN, TN 37067 | ) | Judge HARRISON |
| SSN XXX-XX-7666 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor-in-possession. | ) | |

## SELECT PORTFOLIO SERVICING, INC.'S LIMITED OBJECTION TO DEBTOR'S MOTION TO VOLUNTARILY DISMISS CASE

**COMES NOW** Select Portfolio Serving, Inc. ("SPS"), by and through its undersigned counsel, and hereby files this Limited Objection (this "Limited Objection") to Debtor's Motion to Voluntarily Dismiss Case. In support hereof, SPS states as follows:

1. SPS does not oppose the dismissal of this case. However, SPS asserts that it is appropriate for this Court to exercise its authority pursuant to 11 U.S.C. § 105 and dismiss this case with a specific holding that the Debtor is not permitted to file a bankruptcy petition for a period of one year after the entry of the order of dismissal.

2. Debtor filed a joint Chapter 13 petition in the U.S. Bankruptcy Court for the Middle District of Tennessee with her husband as co-debtor—given case number 3:09-bk-06329—on June 5, 2009. The case was converted to a Chapter 11 bankruptcy on September 9, 2009, converted to a Chapter 7 bankruptcy on May 11, 2011, and a discharge order was entered on September 10, 2012. On September 9, 2010, the Bankruptcy Court issued an Order modifying the automatic stay in response to a motion filed by SPS's predecessor-in-interest, BAC Home Loans Servicing, allowing BAC Home Loans Servicing to proceed in pursuit of its state law remedies with respect to the property known as 400 WHISTLER COVE, FRANKLIN,

TN 37067 (hereinafter, the "property"). Debtor testified that she filed her 2009 bankruptcy "almost exclusively" in an attempt to avoid foreclosure proceedings related to the Property. [*See* Meeting of the Creditors, at 2:00-3:12.][1]

3. Debtor filed a second bankruptcy petition as a sole debtor under Chapter 11 on September 12, 2013 in the U.S. Bankruptcy Court for the Middle District of Tennessee—given case number 3:13-bk-08000-MFH. The case was dismissed by agreed order on May 23, 2014. Debtor again testified that she filed her 2013 bankruptcy to avoid foreclosure proceedings related to the Property. [*See* Meeting of the Creditors, at 3:12-3:50.]

4. Debtor filed another Chapter 11 bankruptcy petition as a sole debtor in the U.S. Bankruptcy Court for the Middle District of Tennessee on October 6, 2014— given case number 3:14-bk-07965—less than six months after the dismissal of the previous case. Debtor filed a Motion to Voluntarily Dismiss Case on November 12, 2014. Debtor testified at the 341 Meeting of the Creditors that she filed the current bankruptcy in order to avoid foreclosure proceedings related to the Property. [*See* Recording of 341 Meeting of the Creditors, at 00:50 to 2:00.]

5. According to her testimony at the 341 Meeting of the Creditors and Schedule D of her Voluntary Petition, Debtor has not made a payment on her loan with SPS in over six years—the last payment being received in 2008. [*See* Doc. 1, p. 19; *see also* Recording of 341 Meeting of the Creditors, at 17:50-18:25.] Despite failing to make payments in six years, Debtor testified at the 341 Meeting of the Creditors that continues to reside in the Property. [*See* Recording of 341 Meeting of the Creditors, at 4:00-4:10.]

6. The Bankruptcy Code impedes debtors from abusing the automatic stay protection by preventing the effect of the stay where a debtor files bankruptcy within one year of having

---

[1] SPS has a copy of the Recording of the 341 Meeting of the Creditors that it will have available at the December 2, 2014 hearing for the Court's review, if requested.

two prior pending bankruptcies dismissed. 11 U.S.C. § 362 (c)(4)(A) (2010); *see In re Morris*, No. 3:10-BK-04143, 2010 WL 4272868, at *1-2, 8 (Bankr. M.D. Tenn. Oct. 22, 2010) ("A Bankruptcy Judge has no discretion in issuing said order. If the debtor has had 2 or more pending cases within the last year, the Judge *must* enter an order confirming no stay was in effect."); *In re Petersen*, No. 307-01153, 2007 WL 5582051, at *1-2 (Bankr. M.D. Tenn. Apr. 17, 2007) (confirming no automatic stay was in effect based upon the debtor's prior bankruptcy filings within the past year).

7. As a result of Debtor's multiple bankruptcy filings, including two unsuccessful Chapter 11 cases pending in the last year, it is clear that debtor's filings are merely attempts to thwart SPS's right to exercise its state law remedies with regard to the Property. Therefore, SPS requests that the Court enter an Order barring Debtor from filing a bankruptcy petition for one year from the date of said Order. Such an Order is appropriate under 11 U.S.C. § 105 to prevent Debtor from engaging in further tactics to delay SPS's right to state law remedies and to further the intent of the Code as set forth in 11 U.S.C. § 362(c)(4)(A).

**WHEREFORE, PREMISES CONSIDERED,** SPS respectfully requests this Court to enter an Order:

A. Dismissing this case and prohibiting the Debtor from filing another petition under the Bankruptcy Code for a period of one year; and

B. Granting SPS such other, further, and different relief that this Court deems just and proper.

Respectfully submitted this 25th day of November, 2014.

                                         *s/ Zachary D. Miller*
                                         David W. Houston, IV (BPR #20802)
                                         Zachary D. Miller (BPR # 032674)

                                         BURR & FORMAN, LLP
                                         700 Two American Center
                                         3102 West End Ave.
                                         Nashville, TN 37203
                                         Telephone: (615) 724-3216
                                         Facsimile: (615) 724-3316
                                         dhouston@burr.com
                                         zmiller@burr.com

                                         Attorneys for Defendant
                                         SELECT PORTFOLIO SERVICING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of November, 2014:

Steven L. Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219
slefkovitz@lefkovitz.com


*s/ Zachary D. Miller*
OF COUNSEL